[Civ. No. 10569.   First Appellate District, Division Two.—November 10, 1937.]

AMADIO TOSI et al., Respondents, v. NORTHERN CALI-
FORNIA BUILDING & LOAN ASSOCIATION (a Cor-
poration) et al., Appellants.

Cross & Brandt for Appellants.

Milton Newmark and Thomas C. Nelson for Respondents.

SPENCE, Acting P. J.—Plaintiffs sought to obtain the cancellation of two promissory notes and a deed of trust given to secure said notes, which instruments had been executed by plaintiffs' predecessors in interest in favor of defendant Northern California Building & Loan Association. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiffs, defendants appeal. For the purpose of this discussion the above-named defendant may be treated as the sole defendant and appellant.

Upon the first trial of the cause, defendant had judgment and said judgment was reversed on appeal. (*Tosi* v. *Northern California Building & Loan Assn.*, 3 Cal. (2d) 274 [44 Pac. (2d) 333].) The main facts are set forth in the opinion on the first appeal and need not be repeated here. The main issue there was that of payment, which issue was in turn dependent upon the issue of agency. The findings upon the first trial to the effect that MacArthur was the agent of plaintiffs and was not the agent of defendant were held to be without support in the evidence and the judgment was therefore reversed. The second trial was had upon the same pleadings and upon substantially the same evidence. The trial court found in effect upon the second trial that MacArthur was the agent of the defendant and that he was not the agent of plaintiffs. It therefore found that the notes held by defendant had been fully paid by the payments made by plaintiffs to MacArthur as the agent of defendant and it entered judgment for the cancellation of the notes and the deed of trust given to secure the same.

Appellant contends that the evidence was insufficient to sustain the finding to the effect that MacArthur was the agent of appellant during the entire time that respondents were making their payments to MacArthur. We find no merit in this contention. Much is said in the briefs regarding the law of the case under the decision on the first appeal but we find it unnecessary to discuss this question. All of the evidence produced upon the issue of agency on the first trial

was produced upon the second trial, together with additional evidence. Whatever may be said with respect to the applicability of the doctrine of the law of the case, the decision upon the first appeal is at least authority supporting the conclusion that the evidence was sufficient to support the above-mentioned finding. We therefore refrain from further discussion of said evidence.

Appellant further contends that even if the above-mentioned finding was supported by the evidence, the further finding to the effect that MacArthur was at no time the agent of the respondents was without support in the evidence. Here again we believe that the decision on the former appeal is authority to the contrary. In this connection, appellant lays great stress upon the fact that after MacArthur's misdeeds were known to the parties and after the commencement of this action, respondents commenced two actions against MacArthur and his bondsmen to recover the money paid MacArthur and that one of respondents swore to a criminal complaint charging MacArthur with embezzlement. Appellant seems to take the position that the mere showing that respondents filed such actions showed a "ratification" by respondents and was conclusive evidence requiring a finding that MacArthur was the agent of respondents. No authority in this jurisdiction is cited to support appellant's position and we do not believe it should be sustained. Respondents were faced with the problem of protecting their rights after paying to MacArthur the full amount of the notes under the circumstances set forth in the opinion on the former appeal. Respondents should not be prejudiced in this action by the mere filing of the other actions against MacArthur and his bondsmen, which filing was probably done in an attempt to avoid the running of the statute of limitations with respect to any claim that respondents might assert against them. It may be further stated that evidence showing that one of said actions had been filed was introduced on the first trial and the effect thereof was argued upon the first appeal. The Supreme Court did not apparently consider said evidence of sufficient significance to mention it in the opinion on the first appeal.

Appellant further contends that the trial court erred in certain rulings on the admission of evidence. Our review of the record herein leads us to the conclusion that the error,

if any, in admitting the portions of the evidence to which reference is made was not prejudicial to appellant.

■ The final contention of appellant is that the trial court erred in ordering the cancellation of the notes in addition to the cancellation of the deed of trust. The claim is that respondents did not sign the notes and were therefore only concerned with the deed of trust which encumbered their property. We find no error in the action of the trial court. The entire controversy was over the question of whether said notes had been fully paid. The trial court found that they had been fully paid and we are of the opinion that it was entirely proper to enter a judgment for cancellation of the notes based upon said finding of payment.

The judgment is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1938.